UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM CARNS,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>NYE COUNTY, NEVADA, et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:17-CV-1738 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants Tom Klenczar, Joseph McGill, Sharon Wehrly, and Nye County's (collectively "defendants") motion for summary judgment. (ECF No. 18). Plaintiff William Carns filed a response (ECF No. 21), to which defendants replied (ECF No. 24).

Also before the court is Carns' motion for summary judgment (ECF No. 19). Defendants filed a response (ECF No. 20), to which Carns' replied (ECF No. 23).

**I.　　Facts**

This is a civil rights action under 42 U.S.C. § 1983 arising from a traffic stop that occurred in Pahrump, Nevada. (ECF No. 1).

On June 1, 2015, officer McGill observed a 2006 Audi A8 driving in Parhump, Nevada with a license plate that appeared to be issued by the Mohican Indian Tribe (officially known as the Stockbridge-Munsee Community, Band of Mohican Indians). (ECF Nos. 18-2, 19-5). On the belief that the license plate was fictious, officer McGill stopped the vehicle and asked the driver, Carns, to display his license, registration, and proof of insurance. *Id*. Carns furnished his registration, which also appeared to be issued by the Mohican Indian Tribe. (ECF Nos. 18-2, 19).

During the traffic stop, officer McGill and Carns got into a discussion regarding the validity of Carns' license and registration. *Id*. Defendants allege that Carns subsequently attempted to

**James C. Mahan**
**U.S. District Judge**

present himself as a police officer in order to avoid a traffic citation. (ECF No. 18-2). Carns claims that he was attempting to inform officer McGill that, as a retired police officer, he was familiar with the applicable traffic laws. (ECF Nos. 1, 19). Shortly thereafter, officer McGill placed Carns under arrest for (1) operating a vehicle with fictitious license plates, (2) operating vehicle without proper registration, and (3) impersonating a police officer. (ECF Nos. 18-2, 19).

The parties also admit that, at some unidentified time, officer Klenczar arrived at the scene in a separate vehicle. (ECF Nos. 18-2, 19-8). Officer Klenczar did not assist in the traffic stop but instead stood back and watched the incident. *Id*.

After the arrest, Carns was booked at the Nye County Detention Center ("NCDC"). (ECF Nos. 18-2, 19). Carns remained in custody for approximately five hours and was subsequently released without charges. (ECF Nos. 18, 18-2, 19).

On May 31, 2017, Carns initiated this action in Nevada state court. (ECF No. 1.). In his first amended complaint, Carns alleges seven causes of action: (1) violation of the Fourth Amendment against all defendants; (2) malicious prosecution against all defendants; (3) false imprisonment and false arrest against all defendants; (4) statutory theft against all defendants; (5) intentional infliction of emotional distress against all defendants; (6) civil conspiracy against all defendants; (7) negligence against sheriff Wehrly and Nye County. *Id*.

On June 23, 2017, defendants removed this action to federal court. *Id*. Now, the parties move for summary judgment. (ECF Nos. 18, 19)

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be

**James C. Mahan**
**U.S. District Judge**

- 2 -

entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  Discussion

Before the court are several causes of action. First, the court will grant defendants' motion for summary judgment as to the first cause of action because officer McGill had probable cause to arrest Carns. Second, the court will decline to exercise supplemental jurisdiction on the remaining state law claims.

*a.  Violation of the Fourth Amendment*

Carns argues that defendants violated his Fourth Amendment right against unlawful seizures when officer McGill arrested Carns on June 1, 2015. (ECF Nos. 1, 19).

Under the Fourth Amendment, law enforcement officials can execute an arrest without a warrant only if they have probable cause. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012). A police officer has probable cause if the available facts suggest a fair probability that the suspect has committed a crime. *United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006) (quotes omitted). The analysis involves both facts and law. *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1077 (9th Cir. 2011). The facts are those that were known to the arresting officer at the time of the arrest. *Id*. The law is the criminal statute to which those facts apply. *Id*.

Officer McGill had probable cause to arrest Carns on two grounds: (1) operating a vehicle with fictitious license plates and (2) operating a vehicle without proper registration.

*i.  Operating a vehicle with fictious license plates*

In Nevada, it is illegal "[t]o display . . . [a] license plate knowing it to be fictitious or to have been cancelled, revoked, suspended or altered." NRS 482.545(2). Here, Carns was operating

a vehicle with a Mohican Indian Tribe license plate. (ECF No. 18-2, 19-5). However, the Mohican Indian Tribe does not issue license plates. (ECF No. 20). Office McGill was aware of this fact prior to the June 1, 2015, traffic stop. (ECF No. 18-2, 18-3, 18-4). Thus, when officer McGill observed the fictitious license plate, he had probable cause to arrest Carns.

       *ii. Operating a vehicle without proper registration*

In Nevada, it is illegal "[t]o operate . . . upon a highway any motor vehicle . . . which is not registered or which does not have attached thereto and displayed thereon the number of plate or plates assigned thereto by the Department for the current period of registration or calendar year . . ." NRS 482.545(1). Here, Carns provided registration documents that appeared to be issued by the Mohican Indian Tribe. (ECF Nos. 18-3, 19, 23). However, the Mohican Indian Tribe registers only all-terrain vehicles with a net weight of 1000 pounds or less that are operated on its reservation. (ECF No. 20). Accordingly, when office McGill discovered that Carns' registration appeared to be issued by the Mohican Indian Tribe, he had probable cause to arrest Carns.

    *b. State law claims*

The court has resolved the federal claims and declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *See, e.g., Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); *see also Zelaya v. Cty. of Los Angeles*, 628 Fed.Appx. 535, 537 (9th Cir. 2016) (instructing that a district court could consider dismissal pursuant to 28 U.S.C. § 1367(c)(3) after resolving federal claims through summary judgment).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 18) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that Carns' motion for summary judgment (ECF No. 19) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

The clerk shall enter judgment accordingly and close the case.

DATED November 15, 2018.

                                                                                            _____  
                                                                                            UNITED STATES DISTRICT JUDGE